## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JERRY DRAKE VARNELL,

     Plaintiff,

v.                             Case No.  5:25-cv-362-TKW/MJF

UNITED STATES OF AMERICA, *et al.*,

     Defendants.

                                /

## REPORT AND RECOMMENDATION

Because Plaintiff violated the Local Rules by failing to disclose fully and accurately his litigation history, the District Court should dismiss this case without prejudice.

### BACKGROUND

Plaintiff is a Federal inmate currently confined at Federal Correctional Institution Fairton. Doc. 11 at 2. Plaintiff's Bureau of Prison inmate number is "31820-064." *Id.* On December 5, 2025, Plaintiff initiated this civil action by filing a complaint under 42 U.S.C. § 1983. Doc. 1 at 14.

## DISCUSSION

### A.    <u>Screening of Plaintiff's First Amended Complaint</u>

Pro se litigants must comply with procedural rules. *McNair v. Johnson*, 143 F.4th 1301, 1307 (11th Cir. 2025). "A district court has discretion to adopt local rules that are necessary to carry out the conduct of its business." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987); *see also* 28 U.S.C. § 2071; Fed. R. Civ. P. 83(a). "[L]ocal rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Reese v. Herbert*, 527 F.3d 1253, 1267–68 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172–73 (1989)).

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form:

> A party not represented by an attorney must file any of these only on a form available without charge from the Clerk or on the District's website: a petition for a writ of habeas corpus, a motion for relief under 28 U.S.C. § 2255, or a complaint in a civil-rights case. A case is a civil-rights case if it asserts a claim under the United States Constitution or a

statute creating individual rights, including, for example, 42 U.S.C. § 1983 or the Civil Rights Act of 1964. The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not filed on the proper form.

N.D. Fla. Loc. R. 5.7(A).

The complaint form, in turn, instructs the inmate to disclose his litigation history. In particular, under a heading titled "**PRIOR LITIGATION**," the form provides the following directive:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Compl. Form at 8. The form goes on to state that the inmate should *"[a]ttach additional pages as necessary to list all cases." Id.* at 12. Separately, the form requires the inmate to provide the following "**CERTIFICATION**":

> I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

*Id.*

Local Rule 41.1 describes the consequences of a litigant's failure to comply with the applicable court rules, and it expressly warns that dismissal is a possible sanction:

> If a party fails to comply with an applicable rule or a court order, the Court may strike a pleading, dismiss a claim, enter a default on a claim, take other appropriate action, or issue an order to show cause why any of these actions should not be taken.

N.D. Fla. R. 41.1.

In short, Plaintiff is required to complete the standardized civil-rights complaint form and to complete the form according to its instructions.

## B.   Plaintiff's Responses to Questions on the Complaint Form

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires Plaintiff to disclose his litigation history. Doc. 11 at 16. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?

Page 4 of 9

> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 17–18.

Plaintiff responded, "No" to each question on the complaint form, and Plaintiff did not disclose any cases, stating that he had not filed any cases in federal or state court "to the best of [his] knowledge." *Id.*

At the end of the civil rights complaint form, Plaintiff signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 21. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, Plaintiff had never filed a case in federal or state court.

## C.    <u>Plaintiff's Omission</u>

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his first amended complaint in this case, Plaintiff had filed one case in federal court that the complaint form required him to disclose: *Varnell v. United States*, No. 5:23-cv-245-D (W.D. Okla.).

This case was responsive to Question VIII, Section C on the complaint form because it was a case Plaintiff filed challenging his conviction. Additionally, this case is attributable to Plaintiff because the case bears Plaintiff's inmate number. By failing to disclose this case, Plaintiff violated the complaint form's explicit instructions and Plaintiff's duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.    The Appropriate Sanction Is Dismissal Without Prejudice**

"[A] district court may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair*, 143 F.4th at 1306 (internal quotation marks and citations omitted). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history warrants dismissal of the case under the district court's inherent

Page 6 of 9

authority to manage its docket and enforce applicable local rules. *McNair*, 143 F. 4th at 1308; *Id.* at 1306 (noting a district court's "inherent authority to dismiss [a] complaint without prejudice as a sanction for [the plaintiff's] failure to disclose his full litigation history as required by the standard inmate complaint form.").

Here, Plaintiff violated the Local Rules by failing to disclose his entire litigation history, as required by the duly adopted standard complaint form. Plaintiff knew from reading the complaint form that he was required to disclose all his prior litigation. Doc. 11 at 16. Plaintiff also knew that the penalty for failing to disclose all prior cases was dismissal of this case. *Id.* at 8; *see also* N.D. Fla. Loc. R. 41.1.

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and omissions. An appropriate sanction for Plaintiff's violation of the Local Rules by failing to comply with the complaint form's explicit instructions is to dismiss this case without prejudice.[1] *McNair*, 143 F.4th at 1308; *see also id.* at n.4

---

[1] Because Plaintiff alleges that the incidents giving rise to his claims occurred in December 2024, the statute of limitations likely would not

("[A] dismissal without prejudice doesn't depend on a finding of bad faith, and can follow from unintentional or merely negligent conduct."); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

## CONCLUSION

The undersigned respectfully **RECOMMENDS** that the District Court:

1.      **DISMISS** this case without prejudice—pursuant to the District Court's inherent authority to manage its docket and enforce the Local Rules—based on Plaintiff's failure to comply with the complaint form's explicit instructions and failure to truthfully disclose his litigation history.

---

preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

Page 8 of 9

2.     **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this 26th day of May 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the District Court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**